**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Felisberto Hernandez, | ) | CASE NO.    5:07 CR 441 |
| | ) | 5:09 CV 1286 |
| | ) | |
| Petitioner/Defendant, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| United States of America, | ) | Memorandum of Opinion and Order |
| | ) | |
| Respondent/Plaintiff. | ) | |


### INTRODUCTION

This matter is before the Court upon Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 143).  For the reasons that follow, the motion is DENIED.

### FACTS

Defendant was indicted on one count of conspiracy to distribute at least 100 kilograms of marijuana.  Defendant and the government entered into a plea agreement.  Pursuant to the terms of the plea agreement, the government sought a two-level enhancement due to defendant's

1

supervisory role in the offense.  Defendant reserved his right to argue against the enhancement.

Prior to sentencing, defendant's attorney filed a sentencing memorandum arguing as to the

applicability of the two-level enhancement.

At sentencing, the Court first addressed the applicability of "safety valve" treatment.  The

Court indicated that it believed the government might be interested in obtaining the cooperation

of the defendant if the defendant could provide his source.  At the time, defendant's attorney

informed the Court that defendant did not know the name of the source.  The Court suggested

that the government might be willing to consider a Rule 35 reduction "after the fact."

Thereafter, the Court concluded that defendant was subject to the enhancement for his role as a

manager or supervisor.   The court sentenced defendant to the statutory minimum, *i.e.*, 60

months.

**ANALYSIS**

Defendant argues that he is entitled to relief under 28 U.S.C. §2255 because his counsel

provided ineffective assistance of counsel.  Specifically, defendant argues that his attorney failed

to argue against the application of the two-level enhancement for his role in the offense.  In

addition, defendant argues that his attorney failed to approach the government in order to obtain

"safety-valve" treatment, even though the Court suggested that he do so.

In response, the government points out that defendant's attorney filed a sentencing

memorandum with the Court arguing against the imposition of the enhancement.  In addition, the

government claims that defendant was not eligible for "safety valve" treatment after the Court

determined defendant to be a "manager or supervisor."

A petitioner challenging the effectiveness of trial counsel must first show that counsel

2

was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and further that counsel's deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Sixth Circuit has held that counsel's performance is not deficient when plea agreement advice is "based upon a reasonable decision to offer a guilty plea in exchange for a lighter sentence." *Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996). As a general rule, the Court must avoid the use of hindsight and presumes that "the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

In order to succeed in establishing ineffective assistance of counsel, petitioner must demonstrate that "(1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced him." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). In this case, the Court finds that defendant fails to establish that his counsel's performance fell outside the range of competence. Contrary to defendant's assertion, defendant's attorney did object to the two-level enhancement for his role in the offense. Counsel filed a sentencing memorandum and the Court acknowledged having reviewed the sentencing memorandum. The Court then provided the government with an opportunity to respond to defendant's objections. After review, the Court rejected defendant's objection and agreed with the government that the enhancement applied. Therefore, defendant's argument that counsel's performance was deficient for failing to object is not well-taken.

Likewise, defendant's argument that counsel deficiently performed by failing to seek a

meeting with the government to discuss his eligibility for safety valve after sentencing is rejected.  After the Court concluded that defendant was subject to the two-level enhancement, defendant was no longer eligible for "safety-valve" treatment regardless of whether he provided information to the government.  Thus, defendant's counsel could not be ineffective for failing to approach the government about "safety-valve" treatment after sentencing.

The Court further notes that, while not expressly argued by the defendant, counsel's failure to approach the government post-sentencing regarding a Rule 35(b) reduction does not amount to ineffective assistance of counsel.  There is no right to counsel during a Rule 35(b) proceeding.  *See, e.g.*, *U.S. v. Taylor*, 414 F.3d 528, 535-36 (4th Cir. 2005); *United States v. Palomo*, 80 F.3d 138, 142 (5th Cir. 1996); *U.S. v Ujdak*, 2007 WL 295011 (W.D. Mich. 2007).

To the extent defendant claims ineffective assistance of counsel based on the failure of his attorney to approach the government before sentencing, the argument is rejected.  As an initial matter, defendant's affidavit does not indicate that he requested a meeting with the government.  Nor does the affidavit indicate that defendant possessed information prior to the time of sentencing that could assist the government.  On the contrary, at sentencing, defendant was unable to provide the name of his source.  Accordingly, counsel did not err in failing to seek a proffer meeting before sentencing.

### **CERTIFICATE OF APPEALABILITY**

Based on the foregoing, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of

4

arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/31/11

5